**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHAEL R. RIDDLE,<br>Plaintiff,<br>v.<br>WICHITA PUBLIC SCHOOLS, UNIFIED, SCHOOL DISTRICT NO. 259,<br>Defendant. | ) | **CIVIL ACTION**<br>No. 04-1400-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss for insufficiency of service of process and failure to effect timely service of process. (Doc. 4.) The motion has been fully briefed and is ripe for decision. (Docs. 4, 5, 6.) Defendant's motion is GRANTED, and the case is dismissed without prejudice, for reasons set forth herein.

**I. FACTS**

Plaintiff claims that defendant, his employer, discriminated against him on the basis of race and disability. The material facts are not in dispute. (Docs. 4 at 1-2; 5 at 2.) Plaintiff attempted to serve defendant via certified mail; however, the summons and complaint were addressed to defendant generally, rather than to the Clerk of the Board, as required by K.S.A. 60-304(d)(4). Defendant argues that this flaw means service has never been effected and, as a result, plaintiff has failed to obtain service within 120 days as required by Federal Rule of Civil Procedure 4(m). Plaintiff responds that he substantially complied with the service requirements and that,

therefore, defendant has been properly served.

**II. ANALYSIS**

Defendant seeks dismissal based on insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to effect timely service, Rule 4(m). Valid service of process is a prerequisite to a federal court's asserting personal jurisdiction over a defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987). Federal Rule of Civil Procedure 4(j)(2) provides two means to obtain service on an governmental organization such as defendant school district:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

The first method is accomplished by "delivering a copy of the summons and complaint" to defendant's chief executive officer. Id. "Delivering" means personal service, and does not authorize service by mail. Punchard v. State of New Mexico, 1995 WL 638201, *1 (10th Cir. Oct. 31, 1995) (citing Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir.1985) and Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir.1983)); see also Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1353 (D. Kan. 1994); Garland v. State of Kansas Dept. of Revenue, 1994 WL 66614, *1 (D. Kan. Jan. 31, 1994); Linares v. City of White Plains, 773 F. Supp. 559, 564-65 (S.D.N.Y. 1991). Here it is undisputed that plaintiff proceeded only by certified mail. In fact, all parties agree that

plaintiff was attempting to effect service pursuant to K.S.A. 60-304(d)(4). (Docs. 4 at 3; 5 at 2-3.) Accordingly, the focus must shift to that statute.

K.S.A. 60-304 (d)(4) states that service may be had "upon any other public corporation, body politic, district or authority by serving the clerk or secretary or, if not to be found, to any officer, director or manager thereof," and that "[s]ervice by certified mail shall be addressed to the appropriate official at the official's governmental office." Plaintiff concedes that he did not comply with this provision because he did not address the process to defendant's clerk. (Doc. 5 at 2.) Instead, he addressed the envelope to "Wichita Unified School District 259" at defendant's street address, apparently hoping that someone at that address would open the envelope and route it to the appropriate official.

Curiously, rather than relying on K.S.A. 60-204 for the proposition that substantial compliance with K.S.A. 60-304(d) would be sufficient, plaintiff relies on a Tenth Circuit case interpreting Oklahoma service of process statutes. (Doc. 5 at 3.) In that case, the defendant was an individual who had refused and evaded service and was attempting to set aside a default judgment entered against him as a result of his misconduct. Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 940 (10th Cir. 1987). Not surprisingly, the Tenth Circuit had little problem concluding that service was effective based on the defendant's "egregious conduct in attempting to avoid service." Id. at 944.

The court finds Nikwei has no bearing on this case. First, Nikwei dealt with service on an individual. By contrast, the present

case involves service of a government entity. When an individual is made aware of the proceedings against him, the concerns regarding precise compliance with statutory service requirements are understandably less. That individual knows that a lawsuit has been filed against him and that his rights may be affected thereby. By contrast, a government organization has many employees. If the employee who opens mail addressed generally to the organization fails to grasp the significance of the complaint and summons, there may be considerable delay in responding, or even a failure to timely respond, by the agency. When statutes require that service be directed to specific officials within the organization, all parties are benefitted. Plaintiffs know precisely to whom they should direct process to achieve orderly and timely resolution of disputes. Likewise, the organizations are placed on notice that employees receiving mail for that particular official must be made aware of the significance of being served with process and trained in the proper steps to take after having been served. Cf. Oltremari, 871 F. Supp. at 1353.

In addition, Nikwei is inapposite because all its commentary regarding statutory compliance for service of process is based on Oklahoma law. Finally, Nikwei arose when the defendant tried to set aside the default judgment. That is a totally different procedural posture than we face here. It is apparent that the defendant's misconduct bore heavily on the court's decision in Nikwei; whereas in this case, there is no allegation that defendant has engaged in any untoward conduct.

Similarly, plaintiff's reliance on Campbell v. Bartlett, 975 F.2d

1569, 1575 (10th Cir. 1992) is incomplete. Plaintiff argues that Campbell merely requires service of process to satisfy the constitutional demands of due process. (Doc. 5 at 3.) On the contrary, for service to be effective to confer personal jurisdiction over the defendant, it must satisfy both due process and the state's statutory requirements. Brand v. Mazda Motor of Am., Inc., 920 F. Supp. 1169, 1171 (D. Kan. 1996); see also Campbell, 975 F.2d at 1574-75 (analyzing whether service satisfied both the New Mexico statutory requirements and due process).

On the other hand, the case is quite similar to some of the issues faced in Oltremari. There, process had been served on the Kansas SRS via certified mail to an SRS office. Oltremari, 871 F. Supp. at 1352. Unfortunately, the relevant Kansas statute required that process be served on the attorney general or one of his assistants. Id. at 1353. Although SRS had actual notice of the suit, the court concluded that process was insufficient, and the defect was not merely "technical." Id. Oltremari concluded that dismissal for insufficiency of service of process would have been appropriate, except for the fact that the plaintiff was proceeding in forma pauperis, and was therefore entitled to rely on the United States Marshals in ferreting out the technicalities of serving the governmental defendant. Here, plaintiff has retained counsel on whom he relied to obtain proper service. Thus, Oltremari counsels in favor of dismissal.

To the extent that the court should consider sua sponte whether plaintiff substantially complied with the requirements for serving defendant, K.S.A. 60-204, even though plaintiff does not argue for

that conclusion, the court concludes that the methods employed here do not substantially comply with K.S.A. 304(d)(4). The court is guided in this conclusion by Dunn v. City of Emporia, 7 Kan. App. 2d 445, 643 P.2d 1137 (1982). In that case, the plaintiff attempted to effect service on the City of Emporia by serving the city attorney. Id. at 447, 643 P.2d at 1139. However, K.S.A. 60-304(d)(3) specifically directed that process be served on the mayor or the clerk. The Kansas Court of Appeals held that serving the city attorney did not substantially comply with this requirement. Dunn, 7 Kan. App. 2d at 450, 643 P.2d at 1141. The Kansas Supreme Court expressly approved of this holding in a later case. Hopkins v. State, 237 Kan. 601, 605, 702 P.2d 311, 315 (1985).

Here, the facts are even worse than in Dunn. At least in that case, the plaintiff directed service to a city official who undoubtedly knew how to respond to the action. By contrast, to use defendant's colorful but accurate description, "plaintiff's summons and complaint was set adrift in the defendant's bureaucracy until it finally made its way to an employee who recognized that a summons and complaint should be forwarded" to defendant's legal counsel. (Doc. 6 at 5.) Even assuming some embellishment on defendant's part, being set adrift is an appropriate description of what occurs when a complaint and summons is simply addressed to a governmental entity, rather than directed to a particular person, whether by name or title. Accordingly, the court concludes that plaintiff failed to substantially comply with the service requirements of K.S.A. 60-304(d)(4). Therefore, he has failed to satisfy the requirements for service under Rule 4(j)(2).

Plaintiff's only chance to save this case would ordinarily lie under Rule 4(m), which allows the court to grant an extension of time, under certain conditions, when a plaintiff fails to obtain service within 120 days of filing the complaint. That rule provides, in relevant part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that <u>if the plaintiff shows good cause</u> for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). The Tenth Circuit has prescribed a two-pronged inquiry for evaluating a failure to effect timely service under Rule 4(m): 1) the court must determine whether a plaintiff has shown good cause for failure to obtain service - if so, then a plaintiff is entitled to an extension of time to perfect service; 2) if a plaintiff fails to show good cause, the court must still decide whether a permissive extension of time is warranted, or whether the case should be dismissed without prejudice. <u>Espinoza v. United States</u>, 52 F.3d 838, 841 (10th Cir. 1995).

As the underlined portion of the preceding quote from Rule 4(m) shows, plaintiff bears the burden of showing good cause. This he has utterly failed to do. In his response, plaintiff does not even mention good cause; nor does he offer any explanation for his deficient service. Instead, he merely argues that service was adequate and that, therefore, Rule 4(m) has been satisfied. (Doc. 5 at 4.) Accordingly, he has failed to meet his burden to show good

cause.

Nonetheless, Espinoza guides the court to consider other factors, mostly from the advisory committee notes to Rule 4(m), in determining whether dismissal is appropriate. See Espinoza, 52 F.3d at 842. Here, plaintiff is represented by counsel, and none of the other factors listed in Espinoza, nor any in the advisory committee notes to Rule 4(m), merit discussion, with the exception of the statute of limitations. Here again, plaintiff provides absolutely no assistance to the court in deciding the matter, leaving the court to surmise certain things in ferreting out the applicable limitations periods.

First, defendant asserts that plaintiff received his right-to-sue letter from the EEOC on September 28, 2004. Under 42 U.S.C. § 2000e-5(f)(1), plaintiff had 90-days from that date to file his Title VII claim. The 90-day period expired on December 30, 2004. Plaintiff filed this case on the 89th day, December 29, 2004. (Doc. 4 at 1.) Plaintiff does not dispute defendant's calculations and assertions, but merely admits that the suit was filed on December 29, 2004. (Doc. 5 at 2.) Accordingly, the limitations period has now run on his Title VII claim. Likewise, his ADA claim requires the same exhaustion of remedies with the EEOC, and imposes the same 90-day limitations period. 42 U.S.C. § 12117(a). Thus, the limitations period has also run on the ADA claim.

On the other hand, plaintiff also asserts that defendant's conduct gave rise to a racial discrimination claim under 42 U.S.C. § 1981. (Doc. 1 at 3.) Here, the court surmises that plaintiff is asserting defendant discriminated against him in the performance of his employment contract. Since such a claim focuses on conduct

occurring after the formation of the contract, it is actionable under 42 U.S.C. § 1981(b), and is subject to the general four-year statute of limitations imposed under 28 U.S.C. § 1658. Cross v. The Home Depot, 390 F.3d 1283, 1288 (10th Cir. 2004). This claim would therefore remain viable for some time following a dismissal without prejudice.

Even though plaintiff's Title VII and ADA claims may well be barred by the statute of limitations if the court dismisses this action under Rule 4(m), the court finds dismissal appropriate. Plaintiff waited until the last possible moment to file this claim, on the eve of the expiration of the limitations period. Likewise, after he filed, he once again procrastinated until approximately 105 days of the 120-day service period had expired. No explanation is offered for this dilatory conduct, which should not be rewarded. Had plaintiff been more diligent in prosecuting this case, the court might be inclined toward leniency; however, that is not the case. Moreover, unlike the complicated service requirements at issue in Espinoza, service here was simple: K.S.A. 60-304(d)(4) said mail it to the Clerk of the Board. Plaintiff did not do that. The requirements were not cryptic, yet they went unheeded, again without any explanation whatsoever. Finally, Rule 4(m) cannot be read as intending to excuse or reward failure to comply with straightforward rules and statutes. Periods of limitation exist for good reasons. It would be a perversion of Rule 4(m) and an abuse of discretion for the court to extend the time for service under the facts of this case. To do so would reward this plaintiff for waiting until the last minute to file and obtain service while a more diligent plaintiff would be

comparatively punished for filing and pursuing his case with time to spare.

For the foregoing reasons, the court declines to exercise its discretion to grant plaintiff an extension of time to serve defendant. This case is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 30th day of June 2005, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE